WADE KILPELA SLADE LLP
Gillian L. Wade (admitted *pro hac vice*)
gwade@waykayslay.com
Sara D. Avila (admitted *pro hac vice*)
sara@waykayslay.com
2450 Colorado Ave. Suite 100E
Santa Monica, CA 90404
Tel.: 310-667-7273

*Attorneys for Plaintiff Jane Doe*

DAVID R. SINGH
David.Singh@weil.com
MORGAN D. MACBRIDE
Morgan.Macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: 650-802-3000
Fax: 650-802-3000

*Attorneys for Apple Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 2:26-cv-02178-ART-EJY<br><br>**JOINT STATUS REPORT**<br><br>Judge: Hon. Anne R. Traum |

Pursuant to the Court's July 17, 2026, Order (Dkt. 22), Plaintiff Jane Doe ("Plaintiff" or "Ms. Doe") and Defendant Apple Inc. ("Apple") respectfully submit this Joint Status Report.

## I. <u>BRIEF CASE HISTORY</u>

On December 5, 2022, plaintiffs Lauren Hughes and a Jane Doe filed an initial complaint on behalf of a putative class against Apple in the United States District Court for the Northern District of California, *Hughes, et al. v. Apple Inc.*, No. 3:22-cv-07668-VC (N.D. Cal.) (the "Hughes action"), before the Honorable Vince Chhabria.

The plaintiffs subsequently amended their pleadings and added additional plaintiffs, including Ms. Doe (the "*Hughes* Plaintiffs"). On October 6, 2023, the *Hughes* Plaintiffs filed their First Amended Complaint. The parties engaged in various motions to dismiss, which the court granted in part and denied in part. On November 25, 2024, the *Hughes* Plaintiffs filed a Third Amended Complaint.

On June 6, 2025, the *Hughes* Plaintiffs moved for class certification, which Apple opposed. The court denied class certification, after a hearing, on March 9, 2026. The court set a further case management conference for April 3, 2026, to address, among other things, whether the individual plaintiffs' cases should be severed. In their joint report, the parties stipulated to severance of the cases.

The court accordingly ordered the cases severed on April 3, 2026. It further ordered *Hughes* Plaintiffs to file individual complaints in new actions, within 28 days, which the parties stipulated would be considered related. The court also noted that it would entertain motions under 28 U.S.C. § 1404(a) to transfer any of the related cases to the respective plaintiff's home jurisdiction, and it set a deadline of May 29, 2026, for any transfer motion. The court also imposed a deadline of June 8, 2026, for Apple to file a motion to dismiss or an answer in any case that it did not move to transfer. The court further ordered that no discovery would occur pending adjudication of the motions to transfer, with discovery to resume in any case in which Apple did not file a motion to transfer. The court's schedule was silent, however, as to the timing of any answer or motion to dismiss

with respect to the cases for which Apple sought transfer.

On May 1, 2026, Plaintiff Jane Doe filed her individual Complaint in the Northern District of California, No. 3:26-cv-03981. On May 26, 2026, Apple moved to transfer Plaintiff's case to the United States District Court of Nevada, pursuant to 28 U.S.C. § 1404(a). On July 8, 2026, Judge Chhabria granted Apple's motion to transfer. Plaintiff's case was transferred to the District of Nevada, where it was opened on July 15, 2026, and assigned Case No. 2:26-cv-02178-ART-EJY.

## II. <u>CURRENT STATUS OF THIS ACTION</u>

### A. <u>Pending Motions</u>

The parties respectfully state that there are no pending motions requiring the attention of this Court. Apple intends to move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

### B. <u>Ongoing Matters Post Severance in *Hughes* Action</u>

As of the date of this filing, 37 actions arising from the severed *Hughes* litigation are pending across 18 different jurisdictions and in California state court. 20 of the original *Hughes* plaintiffs' claims have settled in principle. The parties respectfully offer this context to assist the Court in evaluating the schedule proposed below. Counsel for the parties here are engaged in the severed actions, and are coordinating on the additional discovery the parties are anticipating since that will need to be sequenced alongside overlapping obligations in the other pending matters. The parties have endeavored to propose realistic dates that will move this action toward resolution efficiently, and they remain prepared to proceed on whatever schedule the Court determines is appropriate.

### C. <u>Proposed Stay of This Action Pending Resolution of a Motion for Pretrial Consolidation Filed Before the Judicial Panel on Multidistrict Litigation.</u>

On August 4, 2026, counsel representing three plaintiffs who brought claims against Apple related to AirTag on August 3, 2026, but who are unaffiliated with counsel here and whose clients' claims were never part of the *Hughes* litigation, filed a motion before the Judicial Panel on Multidistrict Litigation (JPML). The motion seeks an order

under 28 U.S.C. § 1407 centralizing all pending AirTag-related litigation throughout the Nation, including this case, for coordinated pretrial purposes. Since then, additional plaintiffs not represented by counsel in this case have joined in the motion. Apple will oppose the motion. Plaintiff will support the motion. On August 5, Plaintiff proposed a stipulated stay of this matter pending the JPML's resolution of the motion for centralization, which is set to be heard on September 24, 2026. Apple opposes the stay, and the parties' respective positions are set forth below.

**1. Plaintiff's Position**

This case should be stayed, given the impending ruling by the JPML, which likely will result in an MDL being formed by October. The Court has inherent power to control its docket, including the discretion to stay proceedings. *Landis v. N. Am. Co*., 299 U.S. 248, 254-55 (1936)); *Leyva v. Certified Grocers of Cal., Ltd*., 593 F.2d 857, 863 (9th Cir. 1979). Plaintiff seeks a stay of the case on the grounds that a stay will conserve Court and Party resources and avoid duplicative litigation in the event the cases are in fact consolidated. *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (the factors to consider are: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated"). Courts frequently grant stays pending a decision by the JPML whether or not to transfer a case, including Courts in this District. *See, e.g., Hernandez v. AFNI, Inc*., No. 2:15-cv-00078-LDG, 2015 U.S. Dist. LEXIS 82711, 2015 WL 3932415, at *1 (D. Nev. June 24, 2015); *Flores v. Merck & Co*., No. 3:21-cv-00166-ART-CLB, 2022 U.S. Dist. LEXIS 105787, at *2-3 (D. Nev. June 13, 2022); *Riley v. Zuffa, LLC*, No. 2:17-cv-02308-APG-GWF, 2017 U.S. Dist. LEXIS 166895, at *2 (D. Nev. Oct. 6, 2017).

Apple argues below that a stay will result in unnecessary delay because, it asserts, the JPML will not decide the motion to centralize the cases until during or after its September 24, 2026 sitting, and Apple believes the motion to "should" be denied. The *Rivers* factors do not consider the likelihood that the JPML will grant the motion in

deciding whether a stay is appropriate. Based on the JPML's historical practice, the motion to centralize the cases should be quickly resolved following the September 24, 2026 session. A stay of fewer than two months would not cause Apple hardship, even if the cases are not ultimately coordinated.

By contrast, Plaintiff would be prejudiced by having to litigate issues or engage in discovery of Apple that would be coordinated across all cases should the MDL be established. Similarly, while it is unclear at this stage to which court the cases are likely to be transferred in the event of MDL coordination, continuing to litigate in the interim creates the unnecessary risk that this Court's efforts in managing discovery and resolving legal questions in common across all of the related cases will be duplicative of—and could conflict with—those of whatever court may be assigned to handle the consolidated litigation. *Rivers*, 980 F. Supp. At 1361. Plaintiff disagrees with Apple's contention that much of the remaining discovery is case-specific or unique to this case given that discovery of Apple only progressed to its initial phases.

**2. Apple's Position**

Apple's position is that a stay is unwarranted and counterproductive, including because the MDL motion will be denied. A stay is never a matter of routine. It is an exercise of discretion that requires weighing the possible damage from a stay, the hardship of going forward, and the orderly course of justice. *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *see also City of N. Las Vegas v. Walgreens Boots All., Inc.*, 2020 WL 109795, at *6 (D. Nev. Jan. 9, 2020) (denying motion to stay pending motion to transfer multidistrict litigation).

***First***, a stay would prejudice Apple, the non-moving party. Ms. Doe has been litigating her claims against Apple for nearly three years and Apple has a strong interest in their orderly and timely resolution. A decision on the pending JPML is likely at least a few months away, and a stay would halt all progress during that period, only for the parties to resume in this Court with nothing to show for the pause. The schedule Apple proposes allows this action to continue moving forward in the interim, consistent with the

JPML's own rules which provide that provide that "[t]he pendency of a motion[] . . . before the Panel . . . does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." JPML R. 2.1(d); *see also Knutson v. Allis-Chalmers Corp*., 358 F. Supp. 2d 983, 987 (D. Nev. 2005) (declining to stay proceedings even after the Panel issued a conditional transfer order).

***Second,*** Plaintiff faces no meaningful hardship or inequity if the action is not stayed. Absent a stay, Plaintiff will simply continue prosecuting the action she chose to file. That is not hardship. *See Lockyer v. Mirant Corp*., 398 F.3d 1098, 1112 (9th Cir. 2005) ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*."). Plaintiff's only claimed hardship is the risk of litigating "common" discovery that a future MDL court might coordinate. But much of the discovery that remains is discovery *from* Plaintiff and case-specific third parties concerning Plaintiff's individual claims and damages. That discovery is unique to this action, would never be part of coordinated proceedings, and must occur regardless of the JPML's ruling.

***Third***, Apple respectfully submits that a stay would not conserve judicial resources. Apple opposes centralization and believes the JPML motion is unlikely to be granted: the actions pending against Apple turn on numerous case-specific issues relating to the unaffiliated third parties who misused AirTags, and centralizing such widely varying, individualized discovery before a single court would create inefficiency rather than avoid it. In Apple's view, the appropriate course is for this action to proceed in this Court on the schedule proposed below, including to a motion directed at the pleadings that may substantially narrow, or even resolve, the case.

**D. <u>Discovery</u>**

The parties agree that considerable further discovery is needed in this matter. While discovery was not bifurcated in the *Hughes* matter, much of the discovery conducted to date in the *Hughes* action was focused on the class-certification context. But

substantial additional discovery will be required to develop the factual record in this individual case.

**1. Plaintiff's Position**

The bulk of Plaintiff's discovery of Apple has yet to take place because, in advance of the class certification hearing, the *Hughes* Plaintiffs' discovery of Apple did not advance beyond initial foundational discovery. While Apple has already produced thousands of documents to the *Hughes* Plaintiffs totaling nearly 300,000 pages, the Parties have existing disputes over the scope of Apple's responses to Plaintiff's existing written discovery as well as the custodians and search terms that Apple selected for its initial responses to Plaintiff's document requests. In particular, Apple only designated four initial custodians. After review of Apple's initial production, Plaintiffs sought the addition of nine custodians, as well as 11 search terms, likely to result in the production of additional responsive documents. The Parties were also in various stages of disputes concerning the period at issue for Apple's search and production as well as the scope of its responses to various individual written discovery requests.

These disputes, and others, remained unresolved at the time that Judge Chhabria stayed discovery pending severance and transfer. Plaintiff anticipates that Apple has not yet produced the vast majority of its responsive documents. And Plaintiff has not yet taken any Apple depositions, which were not necessary to the determination of Plaintiffs' class certification motion. By contrast, Apple has already deposed Plaintiff and collected her relevant documents. Plaintiff is unaware of any "substantial" additional discovery Apple may need or want from Plaintiff. Neither party engaged in any substantial non-party discovery.

Plaintiff believes that discovery coordination with the dozens of other pending cases against Apple concerning AirTag stalking would aid in the preservation of Court and Party resources.

**2. Apple's Position**

Apple respectfully states that further discovery is also needed in this matter. As

such, there is no existing written discovery yet. However, the parties have engaged in certain document and testimonial discovery in *Hughes*, including a deposition of Ms. Doe. The discovery conducted to date in the *Hughes* action was primarily focused on the class-certification context, including general product-design questions and class-wide commonality, and the parties will need to cooperate on a coordinated approach to how that discovery can be used in this new action. This matter is now an individual action, not a putative class action. Accordingly, the scope and proportionality of relevant discovery here is far narrower than it was in the putative class action. Further, while Apple provided considerable discovery in the *Hughes* action, substantial additional discovery will be required to develop the factual record of the Plaintiff in this individual action.

Specifically, additional individual Plaintiff discovery will be required, as will third-party discovery, which will take significant time to complete. Apple anticipates it will need to collect documents from and/or depose multiple individuals, including Plaintiff's spouse, who was present for crucial events leading up to this lawsuit; the local police department, which investigated the alleged unwanted tracking of Plaintiff; and Plaintiff's friends with whom she discussed the alleged unwanted tracking.[1]

In addition, Plaintiff has asserted Nevada-specific state-law claims—including claims for Nevada negligence and strict liability (design defect)—that were not at issue in the prior litigation in the Northern District of California and will require targeted discovery.

Accordingly, Apple respectfully proposes the case schedule set forth below and requests that the Court adopt it.

---

[1] Consistent with Plaintiff's confidentiality designations and the Protective Order entered in the *Hughes* action, Apple does not identify by name, or by other potentially identifying information, the third-parties from whom case-specific discovery may be sought. Apple can provide the Court with additional identifying information upon request, under seal or in camera if appropriate.

### E. Protective Order in the *Hughes* Action

During the *Hughes* action, the parties negotiated a comprehensive stipulated protective order governing the disclosure and use of discovery materials, which the transferor court entered on April 11, 2025 (*Hughes*, Dkt. 124). *See* Exhibit A. That order was based on the Northern District's model form and was modified by the parties to address the particular sensitivities presented by this litigation. The protective order also addresses several matters that Rule 26(f) directs the parties to consider. Because the discovery already exchanged in the *Hughes* action was produced in reliance on these protections, and because the categories of sensitive information at issue are unchanged, the parties agree that the protective order entered in the *Hughes* action should continue to govern discovery in this action. The parties respectfully request that the Court adopt that order in this action, subject to any conforming modifications the Court deems appropriate.

## III. PROPOSED CASE SCHEDULE

### A. Plaintiff's Proposed Case Schedule

Plaintiff has proposed staying this matter pending the JPML's ruling on the motion to transfer under 28 U.S.C. §1407 (*see* MDL No. 1:26-P-40). In the event the Court denies the stay, Plaintiff agrees to Apple's proposed case schedule below.

### B. Apple's Proposed Case Schedule

Apple believes a stay is unwarranted and counterproductive for the reasons set forth above. Apple proposes the following schedule:

| Event | Proposed Date |
| --- | --- |
| Deadline for Apple to file a Motion to Dismiss | December 22, 2026 |
| Deadline for Plaintiff to file an amended complaint or an opposition to Apple's Motion | February 1, 2027 |
| Deadline for Apple's reply in support of its Motion | February 22, 2027 |
| Close of fact discovery | August 20, 2027 |
| Deadline for initial expert reports | September 30, 2027 |
| Deadline for rebuttal expert reports | October 29, 2027 |

| | |
|---|---|
| Close of expert discovery | December 3, 2027 |
| Deadline for Summary Judgment and *Daubert* Motions | January 28, 2028 |

Dated: August 14, 2026

Respectfully submitted,

*/s/ Samuel R. Mirkovich*

SAMUEL R. MIRKOVICH
srm@cwlawlv.com
CAMPBELL & WILLIAMS
710 S. Seventh St.
Las Vegas, NV 89101
T: (702) 382-5222
F: (702) 382-0540

DAVID R. SINGH
David.Singh@weil.com
MORGAN D. MACBRIDE
Morgan.Macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: 650-802-3000
Fax: 650-802-3000

*Attorneys for Defendant Apple Inc.*

Dated: August 14, 2026

*/s/ Gillian L. Wade*

WADE KILPELA SLADE LLP
Gillian L. Wade (admitted *pro hac vice*)
gwade@waykayslay.com
Sara D. Avila (admitted *pro hac vice*)
sara@waykayslay.com
2450 Colorado Ave.. Suite 100E
Santa Monica, CA 90404
Tel.: 310-667-7273

Timothy R. O’Reilly
DICELLO LEVITT
325 S. Maryland Pkway.
Las Vegas, NV 89101
Email: toreilly@dicellolevitt.com
Tel.: 702-382-2500

*Attorneys for Plaintiff Jane Doe*