# EXHIBIT A

TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
JULIE Y. PARK (CA SBN 259929)
JuliePark@mofo.com
CLAUDIA M. VETESI (CA SBN 233485)
CVetesi@mofo.com
MELODY E. WONG (CA SBN 341494)
MelodyWong@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

JOCELYN E. GREER (*admitted pro hac vice*)
JGreer@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: 212.468.8000
Facsimile: 212.468.7900

*Attorneys for Defendant*
*APPLE INC.*

Gillian L. Wade, State Bar No. 229124
gwade@waykayslay.com
Sara D. Avila, State Bar No. 263213
sara@waykayslay.com
Collins Kilgore, State Bar No. 295084
ckilgore@waykayslay.com
Marc A. Castaneda, State Bar No. 299001
mcastaneda@waykayslay.com
WADE KILPELA SLADE, LLP
2450 Colorado Ave., Ste. 100E
Santa Monica, California 90404
Tel: (310) 667-7273
Fax: (424) 276-0473

*Attorneys for Plaintiffs individually and on behalf of all others similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN HUGHES, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. 3:22-CV-07668-VC<br><br>~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS<br><br>Judge: Hon. Vince Chhabria<br>Magistrate Judge: Hon. Thomas S. Hixson |

1. PURPOSES AND LIMITATIONS

Plaintiffs and Defendant Apple Inc. ("Defendant," and collectively with Plaintiffs, the "Parties") anticipate that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, commercially sensitive and/or private

information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Protective Order" or "Order"). Pursuant to Paragraph 19 of the Court's Civil Standing Order, the proposed Order is based on the standard model order for the Northern District.

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. Protected Material designated under the terms of this Protective Order shall be used solely by a Receiving Party for this case as set forth in Section 8, and shall not be used directly or indirectly for any other purpose whatsoever.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.5 Disclosure or Discovery Material: all items or information, including from any Non-Party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is (a) not a current officer, director, or employee of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a competitor of a Party; and (b) not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a competitor of a Party.

2.7 House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 Outside Counsel of Record: attorneys, and attorneys' staff to whom it is reasonably necessary to disclose the information for this litigation, who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 Party: any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs). "Party," however, does not include any members of the putative class(es) other than the named plaintiffs in this action (Lauren Hughes, Brittany Alowonle, Rita Araujo, Joel Biedleman, Cheriena Ben, Lyris Brady, Gail Burke, Lisa Castle, Paola Dees, Carla Epps, Renata Fernandes, Desiree Freeman, Frank Freeman, Tonya Harris, Roger Derick Hembd, Vincent Hopkins, Dorothy Horn, Hollye Humphreys, Sofia Hussein, Jessica Johnson, Jamie Kacz, John Kirkman, Jesseca Lane, Cody Lovins, Pamyla Luan, Marissa Maginnis, Anthony Montanaro, Kristen Morris, Erin Murrell, Aine

O'Neill, Clara Rintoul, Natalia Witherell Sametz, Laprecia Sanders, Karry Schuele, Jacqueline Ward, Chelsea Williams and five plaintiffs identified as "Jane Doe"). Should additional pleadings naming additional individuals as named plaintiffs be filed, such individually named plaintiffs will also be included within the definition of "Party" for purposes of this Order.

2.11 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as provided for in this Order. Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

2.14 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

## 4. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel in court or in other settings that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or

becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

In addition, nothing in this Order shall (i) prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Party from showing Protected Material to an individual who prepared the Protected Material; and (ii) be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court. This Order is entered without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6. DESIGNATING PROTECTED MATERIAL

6.1 Available Designations. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY"

6.2 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

6.3 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 6.3(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting

Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for native files: Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL" "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition or in a court proceeding, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file. If a Party uses at a deposition a .tiff, .pdf, or other image format version of a native document, that Party shall, upon request, provide a copy of the native file to counsel for the witness and all Parties in attendance who are entitled to review the document pursuant to this Protective Order.

(c) for depositions and testimony given other pretrial or trial proceedings, that the Designating Party identify on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL– ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the

confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.4 Inadvertent Failures to Designate.

(a) The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within thirty (30)

Case 3:22-cv-07668-VC Document 124 Filed 04/15/26 Page 9 of 54

days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy all Discovery Material that was not designated properly.

(b) A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of this Order.

7. DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

7.1 A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, other non-public information of similar competitive and business sensitivity, and health treatment records, including but not limited to protected health information.

7.2 Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(a) The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(b) Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-1; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction;

(c) Court reporters, stenographers and videographers retained to record testimony taken in this action;

(d) The Court, jury, and court personnel;

(e) Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(f) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(g) Any other person with the prior written consent of the Producing Party, who has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

8. CHALLENGING CONFIDENTIALITY DESIGNATIONS

8.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

8.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain with particularity the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation with particularity. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

8.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer

requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge or the challenge is withdrawn in writing.

9. ACCESS TO AND USE OF PROTECTED MATERIAL

9.1 (a) Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation or any related appellate proceeding. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 16 below (FINAL DISPOSITION).

(b) Secure Storage, No Export. Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order. Nothing in Paragraph 9(b) shall preclude parties bound by this Protected Order from accessing Protected Material remotely.

(c) Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(d) Limitations. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

9.2 Disclosure of "CONFIDENTIAL" Information or Items. A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information, including but not limited to trade secrets, pricing information, financial data, sales information, sales or marketing forecasts, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, other non-public information of similar competitive and business sensitivity, and health treatment records, including but not limited to protected health information.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the Expert/Consultant Acknowledge of Confidentiality and Agreement to be Bound by Protective Order," attached as Exhibit A-1";

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(i) any other person with the prior written consent of the Producing Party.

(j) Before any "CONFIDENTIAL" information, or substance or summary thereof, shall be disclosed to an Expert, the Expert shall sign and abide by the terms of the "Expert/Consultant Acknowledge of Confidentiality and Agreement to be Bound by Protective Order," attached as Exhibit A-1, the terms of which are incorporated herein. An Expert may make

Case 2:23-cv-01786-APG-EJY Document 124 Filed 10/24/25 Page 15 of 54

an application to the Court with advance notice and based upon a showing of good cause for modification of, or relief from, the obligations of Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order (Exhibit A-1) prior to the review of any "CONFIDENTIAL" information.

9.3 Discovery from Experts. Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, or consulting experts, shall not be discoverable. Reports and materials exempt from discovery under this Paragraph shall be treated as attorney work product for the purpose of this case and Protective Order. Nothing in Paragraph 9.3 shall alter the applicable standards governing disclosure under Federal Rule of Civil Procedure 26(b).

## 10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

10.1 If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

10.2 s

10.3 If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" before a

Case 3:22-cv-07668-VC Document 143-1 Filed 01/25/26 Page 17 of 55

determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

11.1 The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

11.2 In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

11.3 If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a

Case 2:23-cv-01078-ART-EJY Document 12 Filed 01/25/26 Page 17 of 54

determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

12.1 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.2 Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

13.1 Pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to pre-screen such Discovery Material prior to production, will not waive the applicable privilege and/or protection in this case or in any other federal or state proceeding. For example, the mere production of a privileged or work product protected document in this case as part of a production is not itself a waiver. Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. The Parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and electronically stored information. Moreover, nothing in this Order shall be interpreted to require disclosure of information subject to privacy protections as set forth in law or regulation, including

information that may need to be produced from outside of the United States and/or may be subject to foreign laws.

13.2 When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The Receiving Parties must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The Producing Party must preserve the information until the claim is resolved.

13.3 Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

14. DATA SECURITY

14.1 Receiving Party shall implement or maintain reasonable data security practices and policies to safeguard Protected Materials and minimize the risk of unauthorized access, including reasonable and appropriate administrative, physical, and technical safeguards, and network security and encryption technologies governed by written policies and procedures, which shall comply with best practices and industry standards. The Parties shall implement multi-factor authentication[1] for any access to Protected Materials and implement encryption of all Protected Materials in transit outside of network(s) covered by the Party's data security practices and policies (and at rest, where reasonably practical).

[1] Multi-factor authentication is "[a]uthentication using two or more factors to achieve authentication. Factors are (i) something you know (e.g., password/personal identification number); (ii) something you have (e.g., cryptographic identification device, token); and (iii) something you are (e.g., biometric)." National Institute of Standards and Technology (NIST), Special Publication SP 1800-12, Appendix B at 63, available at https://nvlpubs.nist.gov/nistpubs/SpecialPublications/ NIST.SP.1800-12.pdf; see also NIST, Special Publication 800-53, at 132, available at https://nvlpubs.nist.gov/nistpubs/SpecialPublications/NIST.SP.800-53r5.pdf.

Case 2:23-cv-01036-AR-TEJY Document 124 Filed 04/08/24 Page 19 of 54

14.2 If Receiving Party becomes aware of any unauthorized access, use, or disclosure of Protected Materials or devices containing Protected Materials ("Data Breach"), Receiving Party shall promptly, and in no case later than five (5) days after learning of the Data Breach, and to the extent permitted by law enforcement, notify Producing Party in writing and fully cooperate with Producing Party as may be reasonably necessary to (a) determine the source, extent, or methodology of such Data Breach, and/or (b) to recover or to protect Protected Materials. Receiving Party further agrees to reasonably cooperate with Producing Party, as may be necessary for Producing Party to fulfill any notice obligations Producing Party may owe to non-parties in connection with Protected Materials. For the avoidance of doubt, notification obligations under this Section arise when the Receiving Party both (a) learns of a Data Breach, and (b) learns that any of the Producing Party's Protected Materials are potentially subject to the Data Breach. The notification obligations set forth in this Section do not run from the time the Data Breach itself.

14.3 Receiving Party shall promptly comply with Producing Party's reasonable request(s) that Receiving Party investigate, remediate, and mitigate the effects of a Data Breach and any potential recurrence and take all reasonable steps to terminate and prevent unauthorized access. For the avoidance of doubt, nothing in this Section is intended to create a waiver of any applicable privileges, including privileges applicable to a Party's investigation and remediation of a Data Breach.

14.4 If Receiving Party is aware of a Data Breach, the Parties shall meet and confer in good faith regarding any adjustments that should be made to the discovery process and discovery schedule in this action, potentially including but not limited to (1) additional security measures to protect Discovery Material; (2) a stay or extension of discovery pending investigation of a Data Breach and/or implementation of additional security measures; and (3) a sworn assurance that Discovery Materials will be handled in the future only by entities not impacted by the Data Breach. Further, the Receiving Party shall submit to reasonable discovery concerning the Data Breach.

14.5 Receiving Party shall comply with this Section and any applicable security, privacy, data protection, or breach notification laws, rules, regulations, or directives ("Applicable Data

Case 3:23-cv-03417-VC Document 124 Filed 04/15/26 Page 20 of 54

Law"). If Receiving Party is uncertain whether a particular practice would conform with the requirements of this Section, it may meet and confer with the other Parties; if any Party believes that the proposed practice would violate this Protective Order, it may, within 10 business days, bring the dispute to the Court. The Party challenging the proposed practice would bear the burden of demonstrating a violation.

15. MISCELLANEOUS

15.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

15.2 Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

15.3 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

15.4 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

Case 2:23-cv-01078-AR-TJ Document 122 Filed 08/18/26 Page 21 of 24

Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

16. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that affirms that all the Protected Material that was returned to the Producing Party or destroyed. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product (but not document production), even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: April 11, 2025

WADE KILPELA SLADE, LLP

*/s/ Collins Kilgore*
Gillian L. Wade
David Slade
Sara D. Avila
Collins Kilgore

*Attorneys for Plaintiffs Lauren Hughes et al.*

MORRISON & FOERSTER LLP

*/s/ Tiffany Cheung*
Tiffany Cheung
Julie Y. Park
Claudia M. Vetesi
Jocelyn E. Greer

*Attorneys for Defendant Apple Inc.*

**ECF ATTESTATION**

I, TIFFANY CHEUNG, the ECF User whose ID and password are being used to file this **STIPULATED PROTECTIVE ORDER**, in compliance with Civil Local Rule 5-1(i)(3), hereby attest that counsel for Plaintiffs has concurred in this filing.

Dated: April 11, 2025

TIFFANY CHEUNG
MORRISON & FOERSTER LLP

By: */s/ Tiffany Cheung*
Tiffany Cheung

*Attorneys for Defendant*
*APPLE INC.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: April 11, 2025

Honorable Thomas S. Hixson
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________ [print or type full name], of _________________ [print or type full address], acknowledge and declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Hughes v. Apple Inc.*, No. 3:22-cv-07668-VC. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further consent to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint __________________________ [print or type full name] of ________________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Name of individual: _______________________________________________________

Present occupation/job description: _____________________________________________

______________________________________________________________________

______________________________________________________________________

Name of Company or Firm: __________________________________________________

Address:_____

Date: ________________________________________

City and State where sworn and signed: ___________________________________

Printed name: ____________________ Signature: _____________________________

EXHIBIT A-1

EXPERT/CONSULTANT ACKNOWLEDGEMENT OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, ___________________________, declare:

1. I reside at _________________________________________________

2. I have read the Protective Order Regarding The Disclosure and Use of Discovery Material ("Order") in *Hughes, et al. v. Apple Inc.*, Civil Action No. 3:22-cv-07668-VC, pending in the Northern District of California.

3. I am familiar with the contents of the Order and agree to comply and be bound by the provisions thereof.

4. I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purposes of this litigation and only as expressly permitted by the terms of the Order, any Confidential information obtained pursuant to the Order.

5. By signing below, I hereby agree to submit to the jurisdiction of the United States District Court for the Northern District of California for resolving any and all disputes regarding the Order and this Acknowledgment of Confidentiality. I further agree that any and all disputes regarding the Order and this Acknowledgment of Confidentiality shall be governed by the laws of the State of California, and that the district court for the Northern District of California shall be the sole and exclusive venue for resolving any disputes arising from the Order and this Acknowledgment of Confidentiality.

6. By signing below, I hereby confirm that I am not currently and do not currently anticipate becoming an officer, director, or employee of, providing any form of consulting services to, or becoming involved in any competitive decision-making on behalf of any competitor of any

Party with respect to the subject matter of this suit (including any product or design specifications). I further agree that: (1) during the pendency of these proceedings I shall not accept any position as an employee, officer, or director of any competitor of any Party in a position that would foreseeably result in an improper use of the Producing Party's "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information (*e.g.*, working for a competing producer of tracking devices on products that compete with AirTag); and (2) I shall not at any time, either during the pendency of these proceedings or after conclusion of these proceedings, use or divulge any of the Confidential information made available to me pursuant to the Order except solely for the purposes of this litigation.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on________________________________ at ____________________

____________________________________

Name:

Address:

# Exhibit A
# (Redline & Explanatory Comments)

TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
JULIE Y. PARK (CA SBN 259929)
JuliePark@mofo.com
CLAUDIA M. VETESI (CA SBN 233485)
CVetesi@mofo.com
MELODY E. WONG (CA SBN 341494)
MelodyWong@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

JOCELYN E. GREER (*admitted pro hac vice*)
JGreer@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: 212.468.8000
Facsimile: 212.468.7900

*Attorneys for Defendant APPLE INC.*

Gillian L. Wade, State Bar No. 229124
gwade@waykayslay.com
Sara D. Avila, State Bar No. 263213
sara@waykayslay.com
Collins Kilgore, State Bar No. 295084
ckilgore@waykayslay.com
Marc A. Castaneda, State Bar No. 299001
mcastaneda@waykayslay.com
WADE KILPELA SLADE, LLP
2450 Colorado Ave., Ste. 100E
Santa Monica, California 90404
Tel: (310) 667-7273
Fax: (424) 276-0473

*Attorneys for Plaintiffs individually and on behalf of all others similarly situated*

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAUREN HUGHES, et al., on behalf of themselves and all others similarly situated,

Plaintiff,

v.

APPLE INC., a California corporation,

Defendant.

Case No. 3:22-cv-07668-VC

MODEL [PROPOSED] STIPULATED PROTECTIVE ORDER (for standard litigation)REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

Judge: Hon. Vince Chhabria
Magistrate Judge: Hon. Thomas S. Hixson

1. 1. PURPOSES AND LIMITATIONS

DisclosurePlaintiffs and Defendant Apple Inc. ("Defendant," and collectively with Plaintiffs, the "Parties") anticipate that disclosure and discovery activity in this action are likely to

Case 3:22-cv-07668-VC Document 143-1 Filed 01/25/26 Page 29 of 55

involve production of confidential, proprietary, trade secret, commercially sensitive and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the partiesParties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. Regarding the Disclosure and Use of Discovery Materials ("Protective Order" or "Order"). Pursuant to Paragraph 19 of the Court's Civil Standing Order, the proposed Order is based on the standard model order for the Northern District; attached hereto as Exhibit A is a redline indicating where this Order deviates from the Northern District's model order.

The partiesParties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. Protected Material designated under the terms of this Protective Order shall be used solely by a Receiving Party for this case as set forth in Section 8, and shall not be used directly or indirectly for any other purpose whatsoever.

2. 2. DEFINITIONS

2.1 2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).



Formatted: Page Number

2.4 ~~2.4~~ Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL~~.~~" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.5 ~~2.5~~ Disclosure or Discovery Material: all items or information, including from any Non-Party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 ~~2.6~~ Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action~~.~~ and who is (a) not a current officer, director, or employee of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a competitor of a Party; and (b) not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a competitor of a Party.

2.7 ~~2.7~~ House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 ~~2.8~~ Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 ~~2.9~~ Outside Counsel of Record: attorneys, and attorneys' staff to whom it is reasonably necessary to disclose the information for this litigation, who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 ~~2.10~~ Party: any party to this action, including all of its officers, directors, employees, consultants, retained ~~experts~~Experts, and Outside Counsel of Record (and their support staffs). "Party," however, does not include any members of the putative class(es) other than the named plaintiffs in this action (Lauren Hughes, Brittany Alowonle, Rita Araujo, Joel Biedleman,

**Commented [A1]:** This language is slightly modified language from the N.D. Cal. model PO for highly sensitive confidential information. *See* Model Protective Order Involving Highly Sensitive Information ("Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.").

**Commented [A2]:** The parties want to ensure that their counsel's staff (*e.g.*, paralegals) are covered under the PO.

**Formatted:** Page Number

Cheriena Ben, Lyris Brady, Gail Burke, Lisa Castle, Paola Dees, Carla Epps, Renata Fernandes, Desiree Freeman, Frank Freeman, Tonya Harris, Roger Derick Hembd, Vincent Hopkins, Dorothy Horn, Hollye Humphreys, Sofia Hussein, Jessica Johnson, Jamie Kacz, John Kirkman, Jesseca Lane, Cody Lovins, Pamyla Luan, Marissa Maginnis, Anthony Montanaro, Kristen Morris, Erin Murrell, Aine O'Neill, Clara Rintoul, Natalia Witherell Sametz, Laprecia Sanders, Karry Schuele, Jacqueline Ward, Chelsea Williams and five plaintiffs identified as "Jane Doe"). Should additional pleadings naming additional individuals as named plaintiffs be filed, such individually named plaintiffs will also be included within the definition of "Party" for purposes of this Order.

2.11 ~~2.11~~ Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 ~~2.12~~ Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 ~~2.13~~ Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL~~."~~" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as provided for in this Order. Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

2.14 ~~2.14~~ Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. ~~3.~~ COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

~~3.~~4. SCOPE

The protections conferred by this ~~Stipulation and~~ Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

Commented [A3]: The parties want to establish the applicable rules for computing time.

Formatted: Page Number

all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel in court or in other settings that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. In addition, nothing in this Order shall (i) prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Party from showing Protected Material to an individual who prepared the Protected Material; and (ii) be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court. This Order is entered without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

4.5. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**Commented [A4]:** The parties want to make clear that the Protective Order does not prevent or restrict a party from disclosing their own Protected Material.

**Formatted:** Page Number

5.6. 5. DESIGNATING PROTECTED MATERIAL

6.1 5.1 Available Designations. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY"

5.16.2 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.26.3 5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 65.3(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) (a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS'

**Commented [A5]:** Given the subject matter of the case and that discovery will involve sensitive competitive trade secrets, product development information, engineering documents, testing information, and sensitive medical information, the parties agreed to include this second tier of confidentiality.

**Formatted:** Page Number

Case 3:22-cv-07668-VC Document 143-1 Filed 08/25/26 Page 30 of 54

EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for native files: Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL" "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition or in a court proceeding, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file. If a Party uses at a deposition a .tiff, .pdf, or other image format version of a native document, that Party shall, upon request, provide a copy

Commented [A6]: The parties have agreed to forego this language, as it would be difficult to operationalize.

Commented [A7]: The parties agreed to additional procedures concerning the use of native files or images of native files as exhibits during depositions.

Formatted: Page Number

of the native file to counsel for the witness and all Parties in attendance who are entitled to review the document pursuant to this Protective Order.

(b) for depositions and testimony given other pretrial or trial proceedings, that the Designating Party identify on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL– ATTORNEYS' EYES ONLY " until the time within which it may be appropriately designated as provided for herein has passed. Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

**Commented [A8]:** The parties have agreed to establishing governing procedures for designating deposition and other testimony.

**Formatted:** Page Number

~~(b)~~(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL~~.~~" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.4 ~~5.3~~ Inadvertent Failures to Designate. ~~If timely corrected, an~~

(a) The inadvertent failure by a Producing Party to designate ~~qualified information or items does not, standing alone, waive the Designating Party's right to secure protection~~ Discovery Material as Protected Material with one of the designations provided for under this Order ~~for~~ shall not waive any such ~~material. Upon timely correction of a~~ designation~~,~~ ~~the~~ provided that the Producing Party notifies all Receiving ~~Party must make reasonable efforts to assure that the material~~Parties that such Discovery Material is ~~treated in accordance with~~ protected under one of the categories of this Order within thirty (30) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy all Discovery Material that was not designated properly.

(b) A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of this Order.



**Commented [A9]:** The parties have agreed to establish more robust procedures for the inadvertent failure to designate material and for steps in the event material that should have been designated as confidential, but was not, is treated as not confidential.

**Formatted:** Page Number

Case 3:22-cv-07668-VC Document 2 Filed 11/14/26 Page 36 of 54

7. DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

Commented [A10]: Given the subject matter of the case and that discovery will involve sensitive competitive trade secrets, product development information, engineering documents, testing information, and sensitive medical information, the parties agreed to include this second tier of confidentiality.

7.1 A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, other non-public information of similar competitive and business sensitivity, and health treatment records, including but not limited to protected health information.

7.2 Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(a) The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

~~(c)~~(b) Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of ~~this Order.~~the Protective Order by signing a copy of Exhibit A-1; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of

Formatted: Page Number

a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction;

(c) 6. Court reporters, stenographers and videographers retained to record testimony taken in this action;

(d) The Court, jury, and court personnel;

(e) Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(f) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(g) Any other person with the prior written consent of the Producing Party, who has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

6.8. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.18.1 6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.28.2 6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of



Formatted: Page Number

communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain with particularity the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation~~.~~ with particularity. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**Commented [A11]:** To ensure that a challenge to a designation can be properly resolved by the parties, the parties agree to explain their challenge with particularity. The added language seeks to avoid blanket and broad challenges that make it difficult to assess any legitimate concerns.

~~6.3~~8.3 ~~6.3~~ Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the

**Formatted:** Page Number

material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge or the challenge is withdrawn in writing.

7.9. 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.19.1 7.1(a) Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. or any related appellate proceeding. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 1316 below (FINAL DISPOSITION).

(a)(b) Secure Storage, No Export. Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order. Nothing in Paragraph 9(b) shall preclude parties bound by this Protected Order from accessing Protected Material remotely.

(c) 7.2 Disclosure of "CONFIDENTIAL" Information or Items. Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(d) Limitations. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

Commented [A12]: The parties agree to store protected material in the United States to avoid any concerns from export controls or foreign data protection laws.

Commented [A13]: The parties agree that disclosure of Protected Material might be possible in the enumerated set of circumstances.

Formatted: Page Number

9.2 Disclosure of "CONFIDENTIAL" Information or Items. A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information, including but not limited to trade secrets, pricing information, financial data, sales information, sales or marketing forecasts, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, other non-public information of similar competitive and business sensitivity, and health treatment records, including but not limited to protected health information.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(b)(a) (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(c)(b) (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)(c) (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "AcknowledgmentExpert/Consultant Acknowledge of Confidentiality and Agreement to Bebe Bound" ( by Protective Order," attached as Exhibit A);-1";

(e)(d) (d) the court and its personnel;

(f)(e) (e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)(f) (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

Commented [A14]: The parties agree to define when a party may designate material as "Confidential."

Formatted: Page Number

Case 3:22-cv-07668-VC Document 124-1 Filed 01/18/24 Page 41 of 54

(Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(h)(g) (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.;

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

(h) any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(i) any other person with the prior written consent of the Producing Party.

(j) Before any "CONFIDENTIAL" information, or substance or summary thereof, shall be disclosed to an Expert, the Expert shall sign and abide by the terms of the "Expert/Consultant Acknowledge of Confidentiality and Agreement to be Bound by Protective Order," attached as Exhibit A-1, the terms of which are incorporated herein. An Expert may make an application to the Court with advance notice and based upon a showing of good cause for modification of, or relief from, the obligations of Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order (Exhibit A-1) prior to the review of any "CONFIDENTIAL" information.

9.3 Discovery from Experts. Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, or consulting experts, shall not be discoverable. Reports and materials exempt from discovery under this Paragraph shall be treated as attorney work product for the purpose of this case and Protective Order. Nothing in Paragraph 9.3 shall alter the applicable standards governing disclosure under Federal Rule of Civil Procedure 26(b).

**Commented [A15]:** The parties have agreed to establish procedures for disclosing Confidential material to a party's expert.

**Commented [A16]:** Consistent with the Federal Rules, the parties agree to establish that certain expert materials are not subject to discovery.

**Formatted:** Page Number

10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

7.210.1If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," that Party must:

(a) (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

7.310.2If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

Formatted: Font: (Asian) +Headings Asian (SimSun)

8.11. 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

8.111.1(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

Formatted: Page Number

8.211.2(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) (3) make the information requested available for inspection by the Non-Party.

8.311.3(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

9.12. 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

9.112.1If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Formatted: Page Number

12.2 11. Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

Commented [A17]: The parties have agreed that the inadvertent disclosure of designated material does not waive the designation.

10.13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

13.1 Pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to pre-screen such Discovery Material prior to production, will not waive the applicable privilege and/or protection in this case or in any other federal or state proceeding. For example, the mere production of a privileged or work product protected document in this case as part of a production is not itself a waiver. Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. The Parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and electronically stored information. Moreover, nothing in this Order shall be interpreted to require disclosure of information subject to privacy protections as set forth in law or regulation, including information that may need to be produced from outside of the United States and/or may be subject to foreign laws.

Commented [A18]: The parties have agreed to incorporate the applicable Federal Rules governing the inadvertent production of privileged material.

10.113.2 When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the courtThe Receiving Parties must promptly return, sequester, or destroy the



Formatted: Page Number

specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The Producing Party must preserve the information until the claim is resolved.

13.3 ~~12.~~ Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

14. DATA SECURITY

Commented [A19]: Given the subject matter of the case and that discovery will involve sensitive competitive trade secrets, product development information, engineering documents, testing information, and sensitive medical information, the parties agreed to include these procedures concerning data security.

14.1 Receiving Party shall implement or maintain reasonable data security practices and policies to safeguard Protected Materials and minimize the risk of unauthorized access, including reasonable and appropriate administrative, physical, and technical safeguards, and network security and encryption technologies governed by written policies and procedures, which shall comply with best practices and industry standards. The Parties shall implement multi-factor authentication[1] for any access to Protected Materials and implement encryption of all Protected Materials in transit outside of network(s) covered by the Party's data security practices and policies (and at rest, where reasonably practical).

14.2 If Receiving Party becomes aware of any unauthorized access, use, or disclosure of Protected Materials or devices containing Protected Materials ("Data Breach"), Receiving Party shall promptly, and in no case later than five (5) days after learning of the Data Breach, and to the extent permitted by law enforcement, notify Producing Party in writing and fully cooperate with

Formatted: Line spacing: single

[1] Multi-factor authentication is "[a]uthentication using two or more factors to achieve authentication. Factors are (i) something you know (e.g., password/personal identification number); (ii) something you have (e.g., cryptographic identification device, token); and (iii) something you are (e.g., biometric)." National Institute of Standards and Technology (NIST), Special Publication SP 1800-12, Appendix B at 63, available at https://nvlpubs.nist.gov/nistpubs/SpecialPublications/ NIST.SP.1800-12.pdf; see also NIST, Special Publication 800-53, at 132, available at https://nvlpubs.nist.gov/nistpubs/SpecialPublications/NIST.SP.800-53r5.pdf.



Formatted: Page Number

Producing Party as may be reasonably necessary to (a) determine the source, extent, or methodology of such Data Breach, and/or (b) to recover or to protect Protected Materials. Receiving Party further agrees to reasonably cooperate with Producing Party, as may be necessary for Producing Party to fulfill any notice obligations Producing Party may owe to non-parties in connection with Protected Materials. For the avoidance of doubt, notification obligations under this Section arise when the Receiving Party both (a) learns of a Data Breach, and (b) learns that any of the Producing Party's Protected Materials are potentially subject to the Data Breach. The notification obligations set forth in this Section do not run from the time the Data Breach itself.

14.3 Receiving Party shall promptly comply with Producing Party's reasonable request(s) that Receiving Party investigate, remediate, and mitigate the effects of a Data Breach and any potential recurrence and take all reasonable steps to terminate and prevent unauthorized access. For the avoidance of doubt, nothing in this Section is intended to create a waiver of any applicable privileges, including privileges applicable to a Party's investigation and remediation of a Data Breach.

14.4 If Receiving Party is aware of a Data Breach, the Parties shall meet and confer in good faith regarding any adjustments that should be made to the discovery process and discovery schedule in this action, potentially including but not limited to (1) additional security measures to protect Discovery Material; (2) a stay or extension of discovery pending investigation of a Data Breach and/or implementation of additional security measures; and (3) a sworn assurance that Discovery Materials will be handled in the future only by entities not impacted by the Data Breach. Further, the Receiving Party shall submit to reasonable discovery concerning the Data Breach.

14.5 Receiving Party shall comply with this Section and any applicable security, privacy, data protection, or breach notification laws, rules, regulations, or directives ("Applicable Data Law"). If Receiving Party is uncertain whether a particular practice would conform with the requirements of this Section, it may meet and confer with the other Parties; if any Party believes that the proposed practice would violate this Protective Order, it may, within 10 business days,



Formatted: Page Number

bring the dispute to the Court. The Party challenging the proposed practice would bear the burden of demonstrating a violation.

~~11.~~15. MISCELLANEOUS

~~11.1~~15.1 ~~12.1~~ Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

15.2 ~~12.2~~ Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

~~11.2~~15.3 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this ~~Stipulated~~ Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

~~11.3~~15.4 ~~12.3~~ Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

**Commented [A20]:** The parties have agreed to add clarifying provisions concerning different protections and the surviving obligations following the termination of the proceedings.

**Formatted:** Page Number

12.16. 13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) affirms that all the Protected Material that was returned to the Producing Party or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, (but not document production), even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 45 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: April 11, 2025

WADE KILPELA SLADE, LLP

*/s/ Collins Kilgore*
Gillian L. Wade
David Slade
Sara D. Avila
Collins Kilgore

*Attorneys for Plaintiffs Lauren Hughes et al.*



Formatted: Page Number

MORRISON & FOERSTER LLP

*/s/ Tiffany Cheung*
Tiffany Cheung
Julie Y. Park
Claudia M. Vetesi
Jocelyn E. Greer

*Attorneys for Defendant Apple Inc.*

**ECF ATTESTATION**

I, TIFFANY CHEUNG, the ECF User whose ID and password are being used to file this **STIPULATED PROTECTIVE ORDER**, in compliance with Civil Local Rule 5-1(i)(3), hereby attest that counsel for Plaintiffs has concurred in this filing.

Dated: April 11, 2025

TIFFANY CHEUNG
MORRISON & FOERSTER LLP

By: */s/ Tiffany Cheung*
Tiffany Cheung

*Attorneys for Defendant*
*APPLE INC.*

DATED: ______________________ ______________________
Attorney for Plaintiff

DATED: ______________________ ______________________
Attorney for Defendant



Formatted: Page Number

Case 2:23-cv-01486-ART-EJY Document 24-3 Filed 01/25/26 Page 51 of 55

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: ________________________ ____________________________________
United States ~~District~~/Magistrate Judge



Formatted: Page Number

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____________________________ [print or type full name], of _________________ [print or type full address], acknowledge and declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of ___________ **[insert formal name of the case and the number and initials assigned to it by the court].** *Hughes v. Apple Inc.*, No. 3:22-cv-07668-VC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submitconsent to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint __________________________ [print or type full name] of _______________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Name of individual: ________________________________________________

Present occupation/job description: __________________________________

____________________________________________________________

____________________________________________________________

Name of Company or Firm: ___________________________________________

Address: _____

Date: ______________________________________

City and State where sworn and signed: _________________________________



Formatted: Page Number

Printed name: ______________________________

______________________________________Signature:

______________________________________________________

EXHIBIT A-1

EXPERT/CONSULTANT ACKNOWLEDGEMENT OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _________________________, declare:

1. I reside at _____________________________________________

2. I have read the Protective Order Regarding The Disclosure and Use of Discovery Material ("Order") in *Hughes, et al. v. Apple Inc.*, Civil Action No. 3:22-cv-07668-VC, pending in the Northern District of California.

3. I am familiar with the contents of the Order and agree to comply and be bound by the provisions thereof.

4. I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purposes of this litigation and only as expressly permitted by the terms of the Order, any Confidential information obtained pursuant to the Order.

5. By signing below, I hereby agree to submit to the jurisdiction of the United States District Court for the Northern District of California for resolving any and all disputes regarding the Order and this Acknowledgment of Confidentiality. I further agree that any and all disputes regarding the Order and this Acknowledgment of Confidentiality shall be governed by the laws of the State of California, and that the district court for the Northern District of California shall be

Formatted: Tab stops: 3.5", Left

Commented [A21]: Given the subject matter of the case and that discovery will involve sensitive competitive trade secrets, product development information, engineering documents, testing information, and sensitive medical information, the parties have agreed to add a separate acknowledgement form for experts.

Formatted: Page Number

the sole and exclusive venue for resolving any disputes arising from the Order and this Acknowledgment of Confidentiality.

6. By signing below, I hereby confirm that I am not currently and do not currently anticipate becoming an officer, director, or employee of, providing any form of consulting services to, or becoming involved in any competitive decision-making on behalf of any competitor of any Party with respect to the subject matter of this suit (including any product or design specifications). I further agree that: (1) during the pendency of these proceedings I shall not accept any position as an employee, officer, or director of any competitor of any Party in a position that would foreseeably result in an improper use of the Producing Party's "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information (*e.g.*, working for a competing producer of tracking devices on products that compete with AirTag); and (2) I shall not at any time, either during the pendency of these proceedings or after conclusion of these proceedings, use or divulge any of the Confidential information made available to me pursuant to the Order except solely for the purposes of this litigation.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ______________________________ at ____________________

______________________________________________________________________________

______________________________________________ Name:

______________________________________________ Address:



Formatted: Page Number

Case 2:23-cv-01786-AR-TEJY Document 123-1 Filed 01/02/25 Page 54 of 54



Formatted: Page Number