DAVID R. SINGH (admitted *pro hac vice*)
David.Singh@weil.com
MORGAN D. MACBRIDE (admitted *pro hac vice*)
Morgan.Macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: 650-802-3000
Fax: 650-802-3000

SAMUEL R. MIRKOVICH
srm@cwlawlv.com
CAMPBELL & WILLIAMS
710 S. Seventh St.
Las Vegas, NV 89101
T: (702) 382-5222
F: (702) 382-0540

*Attorneys for Apple Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 2:26-cv-02178-ART-EJY<br><br>**DEFENDANT APPLE'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING A DECISION BY THE JPML ON TRANSFER AND CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407 [ECF No. 34]** |

Defendant Apple, Inc. hereby submits the following Opposition To Plaintiff's Motion to Stay Proceedings Pending a Decision by the JPML on Transfer and Consolidation Pursuant to 28 U.S.C. § 1407. ECF No. 34.

## I. INTRODUCTION

Apple respectfully opposes Plaintiff's motion to stay proceedings pending the decision of the Judicial Panel on Multidistrict Litigation (JPML) regarding whether to centralize this and other cases that allege defects with Apple's AirTag. Plaintiff's speculation about efficiency—and her strained attempts to manufacture prejudice—do not meet the standard for a stay. On the contrary, Apple's genuine prejudice requires denying the stay request.

The moving party always bears the burden of establishing the need for a stay, *see Clinton v. Jones*, 520 U.S. 681, 708 (1997), and "if there is even a fair possibility that the stay . . . will work damage to" another party, the moving party "must make out a clear case of hardship or inequity in being required to go forward," *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109-10 (9th Cir. 2005) (same). Here, a stay will frustrate Apple's ability to continue discovery, particularly of crucial third parties. Already, more than three years have elapsed since the events at the center of Ms. Doe's allegations. Ms. Doe offers no basis to continue delaying and allow recollections to become stale. Quite the opposite: all the third-party discovery would need to take place even if the JPML centralizes pretrial proceedings, so there is no burden in undertaking it now. And if denying a stay means that Ms. Doe must expend resources to resume discovery of Apple, that is no "hardship or inequity." *Landis*, 299 U.S. at 255; *see also Garrison v. Stephan*, 2023 WL 5207624, at *2 (D. Nev. Aug. 11, 2023) (denied stay request pending JPML decision because plaintiff failed to show "he would suffer any hardship from allowing this case to proceed" and "[n]othing prevents this case from being transferred if the JPML so decides, even if a fully briefed motion to dismiss is pending here."). In fact, the JPML has found that "the use of stay orders by the district courts, particularly in the area of discovery, is usually undesirable." *In re Penn Cent. Sec. Litig.*, 333 F. Supp. 382, 384 n.4 (J.P.M.L. 1971); *see also* Jud. Pan. Mult. Dist. Litig. R. 2.1(d) (pendency of proceedings before the JPML "does not affect or suspend orders and pretrial proceedings"). And courts emphasize that a stay does not serve judicial economy where, as here, discovery issues are case-specific and "continuing efforts by counsel may in fact aid the multi-district litigation." *Naquin v.*

*Nokia Mobile Phones, Inc.*, 2001 WL 1242253, at *1 (E.D. La. June 20, 2001).

A stay is also unnecessary. The case schedule Apple proposed on August 14, 2026 in the Joint Status Report proposes a deadline of December 22, 2026 for Apple's motion under Federal Rule of Civil Procedure 12. Plaintiff would then have until February 1, 2027 to respond with an amended complaint or a brief in opposition to Apple's motion. A JPML decision that is expected to issue by mid-October does not justify a stay now.

For these reasons, Plaintiff's motion should be denied.

## II. BACKGROUND

As Ms. Doe explains, this case has been pending in some form since December 5, 2022, when two plaintiffs filed a complaint against Apple on behalf of a putative class in the United States District Court for the Northern District of California. *See Hughes et al. v. Apple Inc.*, No. 3:22-cv-07668-VC (N.D. Cal.). Ms. Doe was added as a named plaintiff in an amended complaint filed on October 6, 2023. She alleges that in 2022, her unwanted tracker used Apple's AirTag device to unlawfully track Ms. Doe's location. Based on these allegations, she asserts claims for negligence and defective design under both California and Nevada law, as well as a claim under California's Unfair Competition Law.

The court denied class certification in March 2026 and subsequently ordered all plaintiffs except one—who could adopt what was by then the Third Amended Class Complaint—to file individual complaints against Apple. On Apple's uncontested motion under 28 U.S.C. § 1404, the court transferred Ms. Doe's action to the United States District Court for the District of Nevada—where Ms. Doe was allegedly tracked.

Pursuant to this Court's order, on August 14, 2026, the parties filed a Joint Status Report. *See* ECF No. 33. Apple proposed that it would serve a motion under Federal Rule of Civil Procedure 12 on December 22, 2026 and fact discovery would remain open until August 20, 2027. *See* ECF No. 33 at 9.

Meanwhile, on August 3, 2026, counsel representing three new plaintiffs commenced individual actions against Apple raising similar AirTag-related claims in three different federal

district courts. On August 4, 2026, those counsel filed before the JPML a motion to centralize pretrial proceedings under 28 U.S.C. § 1407 ("Motion to Centralize"), proposing that pretrial proceedings in this action and others be consolidated in the District of Arizona. Apple opposes centralization and filed a brief setting forth that position on August 25. The JPML will hear argument on September 24.

Plaintiff in this action filed a motion on August 19, 2026, appealing to this Court's inherent authority and seeking a stay of all proceedings in this case pending the JPML's decision on the Motion to Centralize. *See* ECF No. 34. She argues that a stay pending the JPML's decision—expected in early October—will not prejudice Apple, will avoid potential duplication of efforts on her part, and will conserve judicial resources. *Id.* at 6-9.

## III. <u>ARGUMENT</u>

Apple will face substantial prejudice from a stay because it would otherwise begin the third-party discovery that will be critical to this case. Numerous witnesses affiliated with Ms. Doe can provide important testimony regarding the efficacy of AirTag's safety features, the misconduct of a third party unaffiliated with Apple that proximately caused the injuries Ms. Doe allegedly sustained, and the extent of her damages. The importance of Apple's access to these Nevada-based witnesses—such as Plaintiff's spouse, who was present for crucial events leading up to this lawsuit; the local police department, which investigated the alleged unwanted tracking of Plaintiff; Plaintiff's friends with whom she discussed the alleged unwanted tracking; and others—underlay Judge Chhabria's decision to transfer the case to this Court.[1] *See Hughes*, No. 3:22-cv-07668-VC, Dkt. No. 329. Now that these cases are proceeding to the merits and not just as a putative class, discovery of these important witnesses is urgent: already, nearly four years have elapsed since the events of which Ms. Doe complains. While Apple of course will not obtain the deposition of all these witnesses before the JPML rules, that is all the more reason to deny the stay: obtaining third-

[1] Consistent with Plaintiff's confidentiality designations and the Protective Order entered in the *Hughes* action, Apple does not identify by name, or by other potentially identifying information, the third-parties from whom case-specific discovery may be sought. Apple can provide the Court with additional identifying information upon request, under seal or in camera if appropriate.

party discovery is notoriously laborious and protracted. Nothing is lost by allowing Apple to at least *begin* that process now—and Apple will be prejudiced if it must wait months longer to do so.

Plaintiff disputes that Apple will be prejudiced by a stay, but her arguments are unavailing. *See* ECF No. 34 at 4-5. ***First***, none of the authorities she cites appear to concern a case where a party is prevented from taking discovery of numerous third-party witnesses regarding events that took place years ago—and longer ago by the day. ***Second***, many of the cases arose in circumstances where a court entered a stay pending the JPML's decision regarding whether to transfer the case into an *existing* MDL. *See, e.g.*, *F.I.M. v. U.S. Dep't of the Interior*, 2015 WL 2165274, at *1 (D. Nev. May 7, 2015); *Royal Park Investments SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 368 (S.D.N.Y. 2013); *Hernandez v. ASNI, Inc.*, 2015 WL 3932415, at *1 (D. Nev. June 24, 2015); *Wiedeman v. DePuy Orthopaedics, Inc.*, 2012 WL 3536686, at *1 (D. Nev. Aug. 14, 2012). Stays in those circumstances are far less likely to prejudice the nonmoving party, as the JPML has already determined that substantial efficiencies can be realized by consolidating cases.

Although Apple has clearly made the threshold showing of a mere "fair possibility that the stay" will prejudice it, Ms. Doe falls well short of the corresponding burden to "make out a clear case of hardship or inequity in being required to go forward." *Lockyer*, 398 F.3d at 1109-10 (quoting *Landis*, 299 U.S. at 255). She devotes one sentence to identifying the hardship she faces absent a stay: "having already litigated as a named plaintiff in the years-long *Hughes* matter, [she] would begin discovery and litigation activities that are likely to be repeated if this action is ultimately transferred for multidistrict litigation." ECF No. 34 at 8. This is not a cognizable burden, as the JPML Rules themselves confirm: those factors are present in every case, but pendency of a motion before the JPML "does not affect or suspend orders and pretrial proceedings" in the existing courts. Jud. Pan. Mult. Dist. Litig. R. 2.1(d); *see also Garrison v. Stephan*, 2023 WL 5207624, at *2 (D. Nev. Aug. 11, 2023) (denied stay request pending JPML decision because plaintiff failed to show "he would suffer any hardship from allowing this case to proceed" and "[n]othing prevents this case from being transferred if the JPML so decides, even if a fully briefed

motion to dismiss is pending here.").

Moreover, discovery of the third-party witnesses will be necessary whether the cases are centralized or not, so allowing it to go forward will not require duplication. Ms. Doe does not identify what discovery does risk duplication. If the JPML denies the Motion to Centralize, a stay here would not have served Ms. Doe (or anyone else) and instead would keep frozen this already-long-running action. The Panel has also opined that "[a]ny discovery obtained prior to the Panel decision will benefit the parties to the action if transfer is denied and will presumably be made available to all other parties if transfer is ordered." *In re Penn Cent. Sec. Litig.*, 333 F. Supp. at 384 n.4.

For similar reasons, the argument that a stay will conserve judicial economy is triply speculative. It assumes first that the JPML will grant the Motion to Centralize. The second assumption is that this Court will have to expend resources supervising discovery in the coming months, when in reality its involvement in the near term is likely to be limited or none. The authorities Plaintiff quotes regarding the Court's "needlessly expend[ing] its energies familiarizing itself" with the case are thus inapposite. ECF No. 34 at 9 (quoting *McVicar v. Goodman Glob. Inc.*, 2013 WL 6212149, at *2 (C.D. Cal. Nov. 25, 2013)). Third, the argument assumes without explanation that any dispute the Court does resolve would be avoided or more efficiently resolved if the cases are centralized. Such multilayered speculation does not support a stay. Ms. Doe's own authorities help explain why: as discussed, many of those cases concerned stays pending the JPML's decision regarding whether to transfer the case into an *existing* MDL—plainly a far less speculative endeavor.

Finally, Plaintiff's motion should also be denied because Apple's proposed schedule for motions on the pleadings already accounts for the JPML proceedings. Apple proposed that its Rule 12 motion would be due on December 22, 2026, with the deadline for Ms. Doe to respond—with a brief in opposition or an amended complaint—set for February 1. ECF No. 33 at 9. Both parties expect the JPML to rule before Plaintiff's deadline. *See* ECF No. 34 at 7 ("The MDL Panel will hear oral argument on September 24, 2026, and will render a decision shortly thereafter.").

Indeed, courts frequently deny stays when a potential JPML transfer would not alter the timing or substance of the movant's immediate obligations—and the Court should do so here. *See, e.g.*, Order at 3, *Slaughter v. Uponor, Inc.*, No. 2:08-cv-01223-RCJ-GWF (D. Nev. Sept. 13, 2012), ECF No. 590 ("The potential transfer therefore does not bear on the time Movants need to respond"); *Garrison*, 2023 WL 5207624, at 2 ("Nothing prevents this case from being transferred if the JPML so decides, even if a fully briefed motion to dismiss is pending here.").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to stay should be denied.

Dated: August 26, 2026

Respectfully submitted,

*/s/ David R. Singh*

DAVID R. SINGH
David.Singh@weil.com
MORGAN D. MACBRIDE
Morgan.Macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: 650-802-3000
Fax: 650-802-3000

SAMUEL R. MIRKOVICH
srm@cwlawlv.com
CAMPBELL & WILLIAMS
710 S. Seventh St.
Las Vegas, NV 89101
T: (702) 382-5222
F: (702) 382-0540

*Attorneys for Apple Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Opposition to Plaintiff's Motion to Stay Proceedings Pending a Decision by the JPML on Transfer and Consolidation Pursuant to 28 U.S.C. § 1407 was served on August 25, 2026 via the Court's CM/ECF electronic filing system addressed to all Parties on the e-service list.

*/s/ David R. Singh*
DAVID R. SINGH